UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:
Duane A. Ricard,                                                          Bk. No. 25-10581-KB
Jennifer E. Ricard                                                        Chapter 13
        Debtor

### DEBTORS COUNSEL'S RESPONSE TO SHOW CAUSE ORDER

NOW COMES Gerald D. Neiman, Esq., counsel to the debtors, Duane A. Ricard and Jennifer E. Ricard, and hereby wishes to respond to the Court's Order to Show Cause as follows:

1. A hearing to consider the confirmation of the Debtors' Chapter 13 Plan was scheduled for October 24, 2025 before this Court.

2. Prior to the confirmation hearing an objection to confirmation was filed by an interested party, a creditor, of the Ricards.

3. The objection to confirmation was not entirely unanticipated. As was discussed with the debtors, it was their counsel's professional opinion that the objection to confirmation would best be dealt with via an objection to the claim filed by the creditor.

4. In preparation for the hearing scheduled for October 24, 2025 on confirmation of the Plan, your counsel for the debtors communicated with the Chapter 13 Trustee, Attorney Andrew Dudley. Your counsel for the debtors suggested to Trustee Dudley that in light of the objection to confirmation by the creditor, the Plan was not ready for confirmation. Trustee Dudley agreed and further agreed to seek a continuance with the Court. (Your counsel for the debtors submits a copy of email communications with Trustee Dudley dated October 22, 2025, as Exhibit A.)

5. After addressing the matter with the Chapter 13 Trustee, your counsel for the debtors communicated with each of the opposing counsel that filed Appearances in the case, to advise them that the hearing on October 24, 2025 was to be continued to December 19, 2025 by agreement with the Chapter 13 Trustee. (Your counsel for the debtors submits a copy of email communications with Attorneys Bielagus and Ranson dated October 22, 2025, as Exhibit B.)

6. Prior to these communications your counsel for the debtors responded to an email from Mr. Ricard on Tuesday, October 21, 2025 informing Mr. and Mrs. Ricard that an objection had been filed, the Plan was not ready for confirmation and the hearing would be continued to a future date.  And further, that there was no need for the Ricards to appear at the hearing.  (Your counsel for the debtors submits a copy of email communications with his clients, Duane and Jennifer Ricard, dated October 21, 2025, as Exhibit C.)

7. Not appearing before the Bankruptcy Court when an understanding has been reached that a continuance is in order has historically not been an unusual practice with the Bankruptcy Court; particularly where an understanding has been reached with the Chapter 13 Trustee.

8. Your counsel recognizes that these pre-hearing agreements should not assume the Court's acquiescence to the parties' understanding.  That is at the sole discretion of the of the Court.

9. Your counsel further acknowledges that what has been common practice before this Court with the previous Chapter 13 Trustee may not be the same in coordination with Trustee Dudley; and that a misunderstanding may have resulted in our efforts to resolve the matter prior to the hearing.

10. Nonetheless, in light of the foregoing, your counsel for the debtors requests that no sanctions be issued and that the matter be considered satisfactorily resolved.

Respectfully submitted,

Dated: December 12, 2025     By: /s/ Gerald D. Neiman

Gerald D. Neiman
Attorney at Law, PLLC
75 Gilcreast Rd., Suite 210
Londonderry, NH  03053
(603) 358-9025
BNH #03902